IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:26-cv-00038-FL

KIMBERLY CARSON,

Plaintiff,

v.

CITY OF WILMINGTON,

Defendant

**ANSWER**

NOW COMES Defendant CITY OF WILMINGTON ("Defendant"), by and through the undersigned counsel, responding to Plaintiff Kimberly Carson's Complaint.

1. Defendant admits that it formerly employed Plaintiff as Director of Diversity, Equity, and Inclusion. Defendant admits that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the United States Constitution, the North Carolina Constitution, and the common law of North Carolina. Defendant denies violating any law or right of the Plaintiff and denies liability to the Plaintiff. Defendant further denies that it or any of its employees engaged in racial discrimination and/or retaliation, that there is a disparate impact in the application of any of Defendant's policies or practices, that it engaged in any constitutional violation, and/or that Defendant engaged in any conduct constituting or creating a hostile work environment or having a disparate impact on the Plaintiff or any classification of employees. Except as expressly admitted herein, the allegations contained in paragraph 1 of the Complaint are denied.

2. Defendant denies the substance of Plaintiff's alleged "discoveries" and, accordingly, denies Plaintiff's "discovery" of the allegations contained in paragraph 2 of the

1

Complaint. Any remaining allegations contained in paragraph 2 of the Complaint are denied.

3. Defendant admits that it retained the company that conducted the Williams investigation to investigate a separate complaint made against another African American employee. Except as expressly admitted herein, the allegations contained in paragraph 3 of the Complaint are denied.

4. The allegations contained in paragraph 4 of the Complaint are denied.

5. Defendant admits that it conducted an investigation into complaints about Plaintiff's conduct. Except as expressly admitted herein, the allegations contained in paragraph 5 of the Complaint are denied.

6. Defendant admits that Plaintiff filed a grievance prior to her termination. The written grievance speaks for itself and is the best evidence of its contents. The allegations in paragraph 6 of the Complaint pertaining to claims set out in the grievance are denied to the extent inconsistent with Plaintiff's written grievance. Defendant denies that it, including its employees, failed to "uphold the City's stated core values and ethical and legal standards," created a hostile workplace, retaliated, discriminated, breached workplace integrity, or engaged in any other unlawful or inappropriate conduct. The remaining allegations contained in paragraph 6 of the Complaint are denied.

7. The allegations contained in paragraph 7 of the Complaint are denied.

8. The allegations contained in paragraph 8 of the Complaint are denied.

9. Paragraph 9 of the Complaint is not an allegation of fact that requires a response from Defendant. To the extent a responsive pleading is necessary, the allegations contained in paragraph 9 of the Complaint and implications Plaintiff attempts to assert from them, are denied.

10. The allegations contained in paragraph 10 of the Complaint are denied.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and the same are therefore denied.

12. Defendant admits that it is municipal corporation within the meaning of the North Carolina General Statutes, that it employs more than fifteen employees, that is capable of being sued, that it has purchased a policy of insurance, and that it does not assert governmental immunity as a defense against the claims asserted by Plaintiff in the Complaint. Except as expressly admitted herein, the allegations contained in paragraph 12 of the Complaint are denied.

13. The allegations contained in paragraph 13 of the Complaint are legal conclusions that do not require a response from Defendant. To the extent a response is necessary, the allegations contained in paragraph 13 of the Complaint are denied.

14. Defendant does not contest that the Court possesses subject matter jurisdiction over the claims asserted in Plaintiff's Complaint. Except as expressly admitted herein, the allegations contained in paragraph 14 of the Complaint are denied.

15. Defendant does not contest venue. Except as expressly admitted herein, the allegations contained in paragraph 15 of the Complaint are denied.

16. Defendant admits that it was served with notice of a charge of discrimination filed by Plaintiff dated November 9, 2025, and that Defendant received notice that the Equal Employment Opportunity Commission dismissed Plaintiff's charge of discrimination and issued a notice of right to sue on November 29, 2025. Except as expressly admitted herein, the allegations contained in paragraph 16 of the Complaint are

3

denied.

17. Defendant admits that it has approximately 1,100 employees and at times had nineteen departments. Except as expressly admitted herein, the allegations contained in paragraph 17 of the Complaint are denied.

18. The allegations contained in paragraph 18 of the Complaint are admitted.

19. Defendant admits that its employees, at all times, have access to Defendant's Employee Handbook. The Employee Handbook speaks for itself and is the best evidence of its contents. The allegations contained in paragraph 19 of the Complaint concerning the contents of the Employee Handbook are denied to the extent inconsistent with the Employee Handbook. Except as expressly admitted herein, the allegations contained in paragraph 19 of the Complaint are denied.

20. Defendant admits that on or about August 18, 2020, Defendant's Council adopted a "Resolution in Support of the City of Wilmington's 'Rise Together' Initiative to Improve Understanding, Equity, and Civic Inclusion for All Our Neighbors." ("Rise Together Resolution"). The Rise Together Resolution speaks for itself and is the best evidence of its contents. The allegations contained in paragraph 20 of the Complaint are denied to the extent inconsistent with the Rise Together Resolution. Except as expressly admitted herein, the allegations contained in paragraph 20 of the Complaint are denied.

21. Defendant admits that it hired its first Chief Equity and Inclusion Officer in January of 2022 in furtherance of the Rise Together Resolution. The Rise Together Resolution speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, the allegations contained in paragraph 21 of the Complaint are denied.

22. Defendant admits that the allegations contained in paragraph 22 of the

4

Complaint generally capture the functioning of the Equity and Inclusion Office during the time Plaintiff was employed by Defendant. Except as expressly admitted herein, the allegations contained in paragraph 22 of the Complaint are denied.

23. Defendant admits that it created the position Chief Equity and Inclusion Officer. The duties of the Chief Equity and Inclusion Officer ("CEIO") were set out in the CEIO's job description, which is the best evidence of its contents and speaks for itself. The allegations contained in paragraph 23 of the Complaint concerning the CEIO's duties are denied to the extent inconsistent with the CEIO job description. Except as expressly admitted herein, the allegations contained in paragraph 23 of the Complaint are denied.

24. Defendant admits that the City's Chief Equity and Inclusion Officer was Joe Conway, who was hired in January 2022. Defendant admits that it initiated a nationwide search for the person who would be hired to replace Mr. Conway. Except as expressly admitted herein, the allegations contained in paragraph 24 of the Complaint are denied.

25. Defendant admits that Plaintiff applied to work for Defendant during Defendant's nationwide search. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's prior employment, and the same are therefore denied. The remaining allegations contained in paragraph 25 of the Complaint are denied.

26. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and the same are therefore denied.

27. Defendant understands that the allegations contained in paragraph 27 of the Complaint refer to Plaintiff's career preceding her employment with Defendant. Defendant

5

lacks knowledge and information sufficient to form a belief as to the truth of those allegations, and the same are therefore denied. The remaining allegations contained in paragraph 27 of the Complaint are denied.

28. Defendant admits it offered Plaintiff the position of Director of Diversity, Equity and Inclusion. Except as expressly admitted herein, the allegations contained in paragraph 28 of the Complaint are denied.

29. Defendant denies that "there existed a culture among the responsible white City employees to promote and/or condone the differential treatment afforded to African American employees of the City vs. employees who weren't," and further denies the entirety of Paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are denied.

31. Defendant admits that Plaintiff was placed on a 12-month probationary period consistent with all new-hires and that Defendant's policies and practices with respect to its probationary period are in all respects neutral and non-discriminatory. Except as expressly admitted herein, the allegations contained in paragraph 31 of the Complaint are denied.

32. Defendant denies the substance of what Plaintiff claims she "did not know" and, accordingly, denies the entirety of Paragraph 32 of the Complaint.

33. Defendant admits that it granted Plaintiff's request to initially work remotely, which request was purportedly based on Plaintiff's need to find housing and because a family member attended school out of state. Except as expressly admitted herein, the allegations contained in paragraph 33 of the Complaint are denied.

34. Defendant admits that Plaintiff first reported to work in person on or about May 20, 2024, that Plaintiff's direct supervisor was Ms. Vigue, and that Plaintiff had lunch with

some members of Defendant's executive team. Defendant admits that Ms. Vigue was not present due to illness. Except as expressly admitted herein, the allegations contained in paragraph 34 of the Complaint are denied.

35. Defendant admits it possesses a document titled manager's checklist. Defendant admits that it conducts new employee orientation over the course of several days during which it addresses, among other things, policy, procedures, benefits, and credentials. Except as expressly admitted herein, the allegations contained in paragraph 35 of the Complaint are denied.

36. Defendant admits that Plaintiff completed new employee orientation. To the extent Plaintiff alleges she did not receive specific management training, the allegation is admitted. Except as expressly admitted herein, the allegations contained in paragraph 36 of the Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. Defendant denies there is a "Meet & Greet" and therefore denies the allegations contained in paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint are denied.

40. Defendant has no required Department Culture Review and it is therefore admitted Plaintiff did not attend an orientation session titled Department Culture Review. Defendant denies it failed to provide orientation on the employment terms applicable to Plaintiff' position. Except as expressly admitted herein, the allegations contained in paragraph 40 of the Complaint are denied.

41. Defendant admits that new employees are advised of performance expectations applicable to their roles. Except as expressly admitted herein, the allegations contained in

7

paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are denied.

43. Defendant admits that a meeting was scheduled on May 21, 2024, and that the meeting was rescheduled to May 28, 2024, and was attended by Ms. Vigue, Plaintiff and Ms. Schlag. Except as expressly admitted herein, the allegations contained in paragraph 43 of the Complaint are denied.

44. Defendant admits Donny Williams grew up in public housing, that Mr. Williams started his career at WPD in 1989 as an intern through a program for at-risk youth, and he served as a police cadet prior to being sworn in as an officer. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint regarding Mr. Williams's early life, and the same are therefore denied. To the extent not expressly admitted herein, the allegations contained in paragraph 44 of the Complaint are denied.

45. Defendant admits that Mr. Williams was employed by the City and was promoted during employment with the Wilmington Police Department. The remaining allegations contained in paragraph 45 of the Complaint are opinion, not fact, as required by Rule 8 of the Federal Rules of Civil Procedure and do not require a response. To the extent a response is necessary, except as admitted herein, the allegations contained in paragraph 45 of the Complaint are denied.

46. The allegations contained in paragraph 46 of the Complaint are admitted.

47. Defendant admits that the Wilmington City Council appointed Mr. Williams Chief of Police on June 23, 2020. Except as expressly admitted herein, the allegations contained in paragraph 47 of the Complaint are denied.

8

48. Defendant admits that the City terminated three officers on or about June 23, 2020, after Mr. Williams reported having reviewed recordings of one or more officers who were making racially explicit and defamatory comments. Except as expressly admitted herein, the allegations contained in paragraph 48 of the Complaint are denied.

49. Any statements made or alleged to have been made by officers of the Wilmington Police Department have been ruled not-disclosable by the North Carolina Superior Court pursuant to N.C. Gen. Stat. Ann. § 132-1.4A(g), and they are irrelevant and immaterial to any claim asserted by the Plaintiff. The allegations contained in paragraph 49 of the Complaint should therefore be stricken and are therefore denied.

50. Defendant admits the termination of three officers was covered by news media. Except as expressly admitted herein, the allegations contained in paragraph 50 of the Complaint are denied.

51. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and the same are therefore denied.

52. The allegations contained in paragraph 52 of the Complaint constitute a statement of opinion rather than a statement of fact as required by Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is required, Defendant admits that Mr. Williams was responsible for operating the police department and enforcing the City of Wilmington's and the police department's applicable rules and regulations. Except as expressly admitted herein, the allegations contained in paragraph 52 of the Complaint are denied.

53. The allegations contained in paragraph 53 of the Complaint constitute a vague statement of opinion rather than a statement of fact as required by Rule 8 of the Federal Rules

9

of Civil Procedure.  To the extent a response is required, the allegations contained in paragraph 53 of the Complaint are denied.

54.     The allegations contained in paragraph 54 of the Complaint are denied.

55.     Defendant admits that prior to and during Mr. Williams's tenure as Chief of Police, a board that included community members was involved in the selection process for some police department positions but that it did not make decisions. Except as expressly admitted herein, the allegations contained in paragraph 55 of the Complaint are denied.

56.     Defendant admits that complaints were made about Mr. Williams, including by a retiring employee, and that an investigation was initiated.  Except as expressly admitted herein, the allegations contained in paragraph 56 of the Complaint are denied.

57.     Defendant admits, on information and belief, that Ms. Sotelo is not African American.  Except as expressly admitted herein, the allegations contained in paragraph 57 of the Complaint are denied.

58.     Defendant admits that US ISS Agency, LLC ("ISS") was retained to conduct an independent investigation of issues concerning Mr. Williams and that Ms. Everhart was involved in the decision to retain ISS.  Except as expressly admitted herein, the allegations contained in paragraph 58 of the Complaint are denied.

59.     Defendant admits that ISS has a Huntersville, North Carolina address.  Except as expressly admitted herein, the allegations contained in paragraph 59 of the Complaint are denied.

60.     Defendant admits that Ms. Everhart at times served as the attorney advising the Wilmington Police Department and that Ms. Everhart knew Ms. Sotelo.  Except as expressly admitted herein, the allegations contained in paragraph 60 of the Complaint are denied.

61.     Defendant admits that ISS issued a report.  Except as expressly admitted herein, the allegations contained in paragraph 61 of the Complaint are denied.

62.     Defendant admits that Mr. Caudle was not interviewed by ISS.  The remaining allegations contained in paragraph 62 of the Complaint are denied.

63.     Defendant admits there were requests from within and from outside the police department to release the ISS report and that Mr. Williams opposed release of the ISS report.  The remaining allegations contained in paragraph 63 of the Complaint are denied.

64.     Defendant admits Plaintiff was provided a copy of the ISS report and, on information and belief, was asked by Mr. Williams to review the report.  Except as expressly admitted herein, the allegations contained in paragraph 64 of the Complaint are denied.

65.     The allegations contained in paragraph 65 of the Complaint are denied.

66.     The allegations contained in paragraph 66 of the Complaint are denied.

67.     The allegations contained in paragraph 67 of the Complaint are denied.

68.     The allegations contained in paragraph 68 of the Complaint are denied.

69.     The allegations contained in paragraph 69 of the Complaint are denied.

70.     Defendant admits that the City retained ISS to conduct an investigation into a separate employee complaint.  Except as expressly admitted herein, the allegations contained in paragraph 70 are denied.

71.     Defendant admits that the second investigation conducted by ISS involved complaints of offensive behavior by an African American employee.  Except as expressly admitted herein, the allegations contained in paragraph 71 of the Complaint are denied.

72.     The allegations contained in paragraph 72 of the Complaint are denied.

73.     Defendant admits that records produced by the City showed the fee paid to ISS

11

was $75,000.00.  Except as expressly admitted herein, the allegations contained in paragraph 73 of the Complaint are denied.

74. The allegations contained in paragraph 74 of the Complaint are denied.

75. Defendant admits Plaintiff claimed there was a conflict with the investigator. The remaining allegations contained in paragraph 75 of the Complaint are denied.

76. The allegations contained in paragraph 76 of the Complaint are denied.

77. The allegations contained in paragraph 77 of the Complaint are denied.

78. Defendant admits that Plaintiff engaged in behavior that offended employees. Except as expressly admitted herein, the allegations contained in paragraph 78 of the Complaint are denied.

79. The allegations contained in paragraph 79 of the Complaint are denied.

80. The allegations contained in paragraph 80 of the Complaint are denied.

81. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint as they relate to Plaintiff's prior employment, and the same are therefore denied.  The remaining allegations contained in paragraph 81 of the Complaint are denied.

82. The allegations contained in paragraph 82 of the Complaint are denied.

83. Defendant admits that Mr. Caudle was the Wilmington City Manager at the time Plaintiff was employed and that Ms. Vigue was arrested for a DWI offense. Except as expressly admitted herein, the allegations contained in paragraph 83 of the Complaint are denied.

84. The allegations contained in paragraph 84 of the Complaint are denied.

85. The allegations contained in paragraph 85 of the Complaint are denied.

86. Defendant admits that Ms. Vigue has nodded off. Except as expressly admitted herein, the allegations contained in paragraph 86 are denied.

87. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint regarding conversations "others" had with Plaintiff, and the same are therefore denied. The remaining allegations contained in paragraph 87 of the Complaint are denied.

88. The allegations contained in paragraph 88 of the Complaint are denied.

89. Defendant admits that Ms. Vigue attended an after-work event at C-Suite Lounge and consumed alcohol. Except as expressly admitted herein, the allegations contained in paragraph 89 of the Complaint are denied.

90. The allegations contained in paragraph 90 of the Complaint are denied.

91. Defendant admits that Ms. Vigue took a vacation day on December 20, 2024. Defendant lacks knowledge and information of which staff had knowledge of Ms. Vigue's vacation day. Except as expressly admitted herein, the allegations contained in paragraph 91 of the Complaint are denied.

92. The allegations contained in paragraph 92 of the Complaint appear to refer to a portion of a periodic review, which speaks for itself and is the best evidence of its contents. The allegations contained in paragraph 92 of the Complaint are denied to the extent inconsistent with the periodic review. The remaining allegations contained in paragraph 92 of the Complaint are denied

93. The allegations contained in paragraph 93 of the Complaint are denied.

94. The allegations contained in paragraph 94 of the Complaint are denied.

95. Defendant admits that Ms. Everhart met with Plaintiff and others on January

13

10, 2025, regarding Plaintiff's role in employment matters and that Ms. Everhart was not Plaintiff's supervisor. Except as expressly admitted herein, the allegations contained in paragraph 95 of the Complaint are denied.

96. The allegations contained in paragraph 96 of the Complaint are denied.

97. The allegations contained in paragraph 97 of the Complaint are denied.

98. Defendant admits that Ms. Everhart and Mr. Caudle spoke about and agreed upon the role Plaintiff's office might play with regard to internal investigations. Defendant further admits that Ms. Everhart described to Plaintiff the City's expectations as they related to Plaintiff's office's potential role in internal investigations. The remaining allegations contained in paragraph 98 of the Complaint are denied.

99. The allegations contained in paragraph 99 of the Complaint are denied.

100. The allegations contained in paragraph 100 of the Complaint are denied.

101. Defendant admits that Mr. Moton addressed Plaintiff's demeanor and conduct with Plaintiff but denies Plaintiff's description of Mr. Moton's statements. Except as expressly admitted herein, the allegations contained in paragraph 101 of the Complaint are denied.

102. The allegations contained in paragraph 102 of the Complaint are denied.

103. Defendant admits that Plaintiff expressed an issue she had with Mr. Moton. The remaining allegations contained in paragraph 103 of the Complaint are denied.

104. Defendant admits that on or about January 28, 2025, Mr. Roberts asked Plaintiff and Mr. Patterson about their observations of Ms. Vigue. Except as expressly admitted herein, the allegations contained in paragraph 104 of the Complaint are denied.

105. Defendant admits that Mr. Roberts stated he planned to speak to Mr. Caudle. Except as expressly admitted herein, the allegations contained in paragraph 105 of the

Complaint are denied.

106. Defendant admits that Plaintiff texted Mr. Roberts on or about January 28, 2025. Except as expressly admitted herein, the allegations contained in paragraph 106 of the Complaint are denied.

107. The allegations contained in paragraph 107 of the Complaint are denied.

108. Defendant admits that Mr. Roberts inquired of Plaintiff and Mr. Patterson regarding their observations following the January 28 meeting alleged in paragraph 104 of the Complaint. Except as expressly admitted herein, the allegations contained in paragraph 108 of the Complaint are denied.

109. Defendant admits Ms. Everhart was not Plaintiff's supervisor and that Ms. Everhart and Plaintiff attended the CRAC meetings on January 28 and February 25, 2025. Except as expressly admitted herein, the allegations contained in paragraph 109 of the Complaint are denied.

110. Defendant admits that on or about February 5, 2025, Mr. Hall informed Plaintiff that complaints had been received about her, including bullying and harassment, that an investigation would be conducted, and that she would be provided with details about the complaints. Except as expressly admitted herein, the allegations contained in paragraph 110 of the Complaint are denied.

111. The allegations contained in paragraph 111 of the Complaint are denied.

112. The allegations contained in paragraph 112 of the Complaint are denied.

113. The allegations contained in paragraph 113 of the Complaint are denied.

114. Defendant admits that Mr. Hall was aware that Plaintiff had claimed she did not have support from Mr. Vigue. Except as expressly admitted herein, the allegations contained

15

in paragraph 114 of the Complaint are denied.

115. Defendant admits that City employees who were identified as possessing relevant information were interviewed. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff allegedly learned, and the same are therefore denied. The remaining allegations contained in paragraph 115 of the Complaint are denied.

116. The allegations contained in paragraph 116 of the Complaint are denied.

117. Defendant admits that Ms. Everhart and counsel for Plaintiff corresponded in writing regarding the investigation into Plaintiff's conduct. The correspondence between Plaintiff's Counsel and Ms. Everhart is the best evidence of its contents and speaks for itself. The allegations contained in paragraph 117 of the Complaint regarding the communication between Plaintiff's counsel and Ms. Everhart are denied to the extent inconsistent with the correspondence. The remaining allegations contained in paragraph 117 of the Complaint are denied.

118. Defendant admits that Plaintiff submitted a written grievance on or about March 3, 2025. Defendant denies there were violations of the City of Wilmington policies by any employee of Defendant. The written grievance submitted by Plaintiff is the best evidence of its contents and speaks for itself. The allegations contained in paragraph 118 of the Complaint purporting to describe the contents of the written grievance are denied to the extent inconsistent with the written grievance. The remaining allegations contained in paragraph 118 of the Complaint are denied.

119. Defendant admits that Plaintiff appeared before a Grievance Review Board. The remaining allegations contained in paragraph 119 of the Complaint are denied.

16

120. Defendant admits that Mr. Caudle provided Plaintiff with a letter dated March 7, 2025, explaining why certain claims made by Plaintiff were not grievable under Policy 207. Mr. Caudle's March 7, 2025, letter is the best evidence of its contents and speaks for itself, and the allegations contained in paragraph 120 of the Complaint are denied to the extent inconsistent with the content of the letter. Except as expressly admitted herein, the allegations contained in paragraph 120 of the Complaint are denied.

121. The allegations contained in paragraph 121 of the Complaint do not identify specific policies and are so vague and ambiguous that Defendant cannot respond. To the extent Plaintiff alleges that the claims in her written grievance are grievable under the Defendant's Policy 207, the allegations contained in paragraph 121 of the Complaint are denied. Defendant admits that it has adopted and enforces policies that address retaliation and harassment. Except as expressly admitted herein, the allegations contained in paragraph 121 of the Complaint are denied.

122. The allegations contained in paragraph 122 of the Complaint are denied.

123. Defendant admits that an email dated April 22, 2025, informed the executive management team that Mr. Hall had resigned and his last day of work was April 17, 2025. Except as expressly admitted herein, the allegations contained in paragraph 123 of the Complaint are denied.

124. The allegations contained in paragraph 124 of the Complaint are denied.

125. The allegations contained in paragraph 125 of the Complaint are denied.

126. Defendant admits that Plaintiff was terminated based on her violations of City policies. Except as expressly admitted herein, the allegations contained in paragraph 126 of the Complaint are denied.

127.     Defendant denies that it falsely alleged anything. Defendant admits that the statements in quotation marks in paragraph 127 of the Complaint are true and that those statements appear in various sections of the letter notifying Plaintiff of her termination.  Except as expressly admitted herein, the allegations contained in paragraph 127 of the Complaint are denied.

128.     The allegations contained in paragraph 128 of the Complaint are denied.

129.     The allegations contained in paragraph 129 of the Complaint appear to refer to a portion of a periodic review, which speaks for itself and is the best evidence of its contents. The allegations contained in paragraph 129 of the Complaint are denied to the extent inconsistent with the periodic review.  The remaining allegations contained in paragraph 129 of the Complaint are denied.

130.     The allegations contained in paragraph 130 of the Complaint are denied.

131.     The allegations contained in paragraph 131 of the Complaint are denied.

132.     The allegations contained in paragraph 132 of the Complaint are denied.

133.     Defendant admits that loss of employment is a triggering event for health coverage under the Consolidated Omnibus Budget Reconciliation Act. Defendant lacks knowledge and information sufficient to form a belief as to the allegation that Plaintiff's daughter "attempted to harm herself," and the same is therefore denied.  Except as expressly admitted herein, the allegations contained in paragraph 133 of the Complaint are denied.

134.     Defendant admits a budget workshop was held on or about May 16, 2025, and that a publicly available recording of that meeting is available.  The recording of the workshop is the best evidence of its contents and speaks for itself.  The allegations contained in paragraph 134 of the Complaint concerning statements made during the workshop are denied to the extent

18

inconsistent with the recording. Except as expressly admitted herein, the allegations contained in paragraph 134 of the Complaint are denied.

135. Defendant admits a budget workshop was held on or about May 16, 2025, and that a publicly available recording of that meeting is available. The recording of the workshop is the best evidence of its contents and speaks for itself. The allegations contained in paragraph 135 of the Complaint concerning statements made during the workshop are denied to the extent inconsistent with the recording. The remaining allegations contained in paragraph 135 of the Complaint are denied.

136. Defendant admits a budget workshop was held on or about May 16, 2025, and that a publicly available recording of that meeting is available. The recording of the workshop is the best evidence of its contents and speaks for itself. The allegations contained in paragraph 136 of the Complaint concerning statements made during the workshop are denied to the extent inconsistent with the recording. The remaining allegations contained in paragraph 136 of the Complaint are denied.

137. Defendant admits a budget workshop was held on or about May 16, 2025, and that a publicly available recording of that meeting is available. The recording of the workshop is the best evidence of its contents and speaks for itself. The allegations contained in paragraph 137 of the Complaint concerning statements made during the workshop are denied to the extent inconsistent with the recording. The remaining allegations contained in paragraph 137 of the Complaint are denied.

138. The allegations contained in paragraph 138 of the Complaint are denied.

139. Defendant admits a budget workshop was held on or about May 16, 2025, and that a publicly available recording of that meeting is available. The recording of the workshop

19

is the best evidence of its contents and speaks for itself.  The allegations contained in paragraph 139 of the Complaint concerning statements made during the workshop are denied to the extent inconsistent with the recording.  The remaining allegations contained in paragraph 139 of the Complaint are denied.

## FIRST CLAIM FOR RELIEF
### (Title VII – Race Discrimination – Disparate Treatment)

140.    Defendant adopts and incorporates herein by reference its responses to paragraphs 1 through 139 of the Complaint.

141.    The allegations contained in paragraph 141 of the Complaint are legal conclusions that do not require a responsive pleading from Defendant.

142.    The allegations contained in paragraph 142 of the Complaint are denied.

143.    Defendant admits Plaintiff's employment was terminated. The remaining allegations contained in paragraph 143 of the Complaint are legal conclusions that do not require a responsive pleading, but to the extent a response is necessary, the remaining allegations of paragraph 143 of the Complaint are denied.

144.    The allegations contained in paragraph 144 of the Complaint are denied.

145.    The allegations contained in paragraph 145 of the Complaint are denied.

146.    The allegations contained in paragraph 146 are predicated on a fallacious contention that there was a need for "corrective action." The allegations contained in paragraph 146 of the Complaint are therefore denied.

147.    The allegations contained in paragraph 147 of the Complaint are denied.

148.    The allegations contained in paragraph 148 of the Complaint are denied.

149.    The allegations contained in paragraph 149 of the Complaint are denied.

20

## SECOND CLAIM FOR RELIEF
### (Title VII – Hostile Work Environment)

150.   Defendant adopts and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 149 of the Complaint.

151.   The allegations contained in paragraph 151 of the Complaint are denied.

152.   The allegations contained in paragraph 152 of the Complaint are denied.

153.   The allegations contained in paragraph 153 of the Complaint are denied.

154.   The allegations contained in paragraph 154 of the Complaint are denied.

155.   The allegations contained in paragraph 155 of the Complaint are denied.

## THIRD CLAIM FOR RELIEF
### (Title VII – Retaliation)

156.   Defendant adopts and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 155 of the Complaint.

157.   The allegations contained in paragraph 157 of the Complaint constitute a legal conclusion that requires no responsive pleading from Defendant.   To the extent a response is required, Defendant denies engaging in race discrimination and/or inequitable treatment of African American employees of the City.  The remaining allegations contained in paragraph 157 of the Complaint are denied.

158.   The allegations contained in paragraph 158 of the Complaint are denied.

159.   The allegations contained in paragraph 159 of the Complaint are denied.

160.   The allegations contained in paragraph 160 of the Complaint are denied.

161.   The allegations contained in paragraph 161 of the Complaint are denied.

162.   The allegations contained in paragraph 162 of the Complaint are denied.

**FOURTH CLAIM FOR RELIEF**
**(Title VII – Disparate Impact)**

163. Defendant adopts and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 162 of the Complaint.

164. Defendant admits that it has a neutral discipline policy and a probationary employment period. Except as expressly admitted herein, the allegations contained in paragraph 164 of the Complaint are denied.

165. The allegations contained in paragraph 165 of the Complaint are denied.

166. The allegations contained in paragraph 166 of the Complaint are denied.

167. The allegations contained in paragraph 167 of the Complaint are denied.

168. The allegations contained in paragraph 168 of the Complaint are denied.

169. Defendant denies the alleged "practices" Plaintiff purports to challenge and further denies each of the allegations contained in paragraph 169 of the Complaint.

170. The allegations contained in paragraph 170 of the Complaint are denied.

171. The allegations contained in paragraph 171 of the Complaint are denied.

172. The allegations contained in paragraph 172 of the Complaint are denied.

173. The allegations contained in paragraph 173 of the Complaint are denied.

174. The allegations contained in paragraph 174 of the Complaint are denied.

**FIFTH CLAIM FOR RELIEF**
**(Equal Protection – 42 U.S.C. §1983)**

175. Defendant adopts and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 174 of the Complaint.

176. The allegations contained in paragraph 176 of the Complaint constitute a legal conclusion that does not require a responsive pleading from Defendant. To the extent a

22

response is necessary, the allegations contained in paragraph 176 of the Complaint are denied as an incomplete description of the Equal Protection Clause.

177. The allegations contained in paragraph 177 of the Complaint constitute a legal conclusion that does not require a responsive pleading from Defendant, but to the extent a response is necessary, Plaintiff's allegations are vague and conclusory and do not allege any factual context for the conclusion asserted, and the allegations contained in paragraph 177 of the Complaint are therefore denied..

178. The allegations contained in paragraph 178 of the Complaint are denied.

179. The allegations contained in paragraph 179 of the Complaint are denied.

180. The allegations contained in paragraph 180 of the Complaint are denied.

181. The allegations contained in paragraph 181 of the Complaint are denied.

182. Defendant admits that the City terminated Plaintiff's employment and that Mr. Caudle made the decision to terminate Plaintiff's employment. Defendant admits that Ms. Vigue was consulted regarding the decision to terminate Plaintiff's employment. Except as expressly admitted herein, the allegations contained in paragraph 182 of the Complaint are denied.

183. The allegations contained in paragraph 183 of the Complaint are denied.

184. Defendant denies any constitutional violations occurred. The remaining allegations contained in paragraph 184 of the Complaint are denied.

185. The allegations contained in paragraph 185 of the Complaint are denied.

186. The allegations contained in paragraph 186 of the Complaint are denied.

**SIXTH CLAIM FOR RELIEF**
**(Violation of the North Carolina Constitution – Article I, Secs. 1 and 19)**

187. Defendant adopts and incorporates herein by reference its responses to the

23

allegations contained in paragraphs 1 through 186 of the Complaint.

188. The allegations contained in paragraph 188 of the Complaint constitute a legal conclusion that requires no responsive pleading from Defendant.

189. Article I, Section 19 of the North Carolina Constitution speaks for itself and is the best evidence of its contents, and the allegations contained in paragraph 189 of the Complaint are denied to the extent inconsistent therewith.

190. The allegations contained in paragraph 190 of the Complaint constitute a legal conclusion that requires no responsive pleading from Defendant. To the extent a response is required, Defendant denies engaging in intentional race discrimination and/or arbitrary deprivation of employment rights, and the remaining allegations contained in paragraph 190 of the Complaint are denied.

191. Paragraph 191 of the Complaint does not allege any facts or specific actions by Defendant to which Defendant may respond, and, moreover, the allegations contained in paragraph 191 of the Complaint constitute a legal conclusion that requires no responsive pleading from Defendant. To the extent a response is required, the allegations contained in paragraph 191 of the Complaint are denied.

192. The allegations contained in paragraph 192 of the Complaint are denied.

193. The allegations contained in paragraph 193 of the Complaint are denied.

194. The allegations contained in paragraph 194 of the Complaint are denied.

195. The allegations contained in paragraph 195 of the Complaint are denied.

196. The allegations contained in paragraph 196 of the Complaint are denied.

197. The allegations contained in paragraph 197 of the Complaint are denied.

198. Defendant denies that it violated any right of the Plaintiff and, therefore,

24

Plaintiff is not entitled to any remedy or relief from Defendant. The remaining allegations contained in paragraph 198 of the Complaint are denied.

199. The allegations contained in paragraph 199 of the Complaint are denied.

**SEVENTH CLAIM FOR RELIEF**
**(Wrongful Discharge)**

200. The allegations contained in paragraph 199 of the Complaint constitute a legal conclusion that requires no responsive pleading from Defendant.

201. The law of North Carolina speaks for itself and is the best evidence of its contents. The allegations contained in paragraph 201 of the Complaint are denied to the extent inconsistent with North Carolina law.

202. North Carolina's Equal Employment Practices Act ("NCEPA") is the best evidence of its contents and speaks for itself. The allegations contained in paragraph 202 of the Complaint are denied to the extent inconsistent with the NCEPA. The remaining allegations contained in paragraph 202 of the Complaint are denied.

203. The allegations contained in paragraph 203 of the Complaint are denied.

204. The allegations contained in paragraph 204 of the Complaint are denied.

205. The allegations contained in paragraph 205 of the Complaint are denied.

206. The allegations contained in paragraph 206 of the Complaint are denied.

**FIRST DEFENSE**

All allegations of Plaintiff's Complaint and Prayer for Relief not expressly admitted herein above are denied.

**SECOND DEFENSE**

All of Defendant's actions taken with respect to Plaintiff's employment were based upon non-discriminatory, non-retaliatory, and legitimate business-related reasons, were consistent with

25

business judgment and necessity, and otherwise complied with all applicable laws.  All actions taken with respect to Plaintiff's employment were in no way caused by any unlawful or prohibited motive or consideration.

## THIRD DEFENSE

To the extent Plaintiff has failed to mitigate the damages she now seeks, she is barred, in whole or in part, from recovery in this action.

## FOURTH DEFENSE

To the extent that it is later determined that an employee of Defendant committed any intentional or otherwise unlawful act, which is expressly denied, such acts were committed without the knowledge of Defendant, were not authorized by Defendant, and were outside the course and scope of the employee's duties.  Therefore, Defendant is not liable under the doctrine of respondeat superior or otherwise for the alleged intentional unlawful acts and conduct of such employee.

## FIFTH DEFENSE

The conduct, acts, and/or omissions of Plaintiff caused all or part of the alleged damages she now seeks.

## SIXTH DEFENSE

No action taken by Defendant with respect to Plaintiff was unlawful, reckless, willful, malicious, wanton, fraudulent or outrageous as a matter of law.  All actions taken by Defendant with respect to Plaintiff were based on a reasonable good faith belief that its actions did not violate the law.  Therefore, Plaintiff is not entitled to recover punitive damages, or other similar damages in this action.  In addition, punitive damages are not recoverable against this Defendant as a matter of law.

26

## SEVENTH DEFENSE

To the extent Defendant subsequently learns of any basis which would have resulted in the denial of employment to or termination of Plaintiff's employment, such after-acquired evidence bars Plaintiff's recovery in whole or in part in this action.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent she has failed to assert them within the applicable statute(s) of limitation.

## NINETH DEFENSE

To the extent Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, and/or Plaintiff's own actions, inactions and/or omissions, such doctrines are pled as defenses to Plaintiff's action.

## TENTH DEFENSE

At no time relevant to the Complaint were any of Defendant's activities, policies, or practices in violation of the United States Constitution or North Carolina Constitution. None of Defendant's policies have a disparate impact on any protected category of employee, and all the City's activities, policies and practices are neutral, consistent with business necessity, and based on reasonable and legitimate criteria.

## ELEVENTH DEFENSE

To the extent Plaintiff has not satisfied the statutory and regulatory conditions precedent to the claims that she purports to make and/or the allegations in her Complaint exceed the scope of her charge, or she has otherwise failed to timely exhaust her administrative remedies, her claims are barred.

27

## TWELFTH DEFENSE

Defendant cannot be held liable for alleged violations of the law under 42 U.S.C. §§ 1983, 1988 under theories of respondeat superior or vicarious liability. To the extent that Plaintiff seeks to recover for alleged violations of the U.S. Constitution, Defendant is not liable because no official policy or custom of Defendant played any part in any alleged constitutional violations, which are expressly denied.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover under any applicable law or regulation with respect to any alleged adverse employment actions taken by Defendant on the grounds that Defendant would have made the same decision regarding such action had Plaintiff not allegedly exercised her rights under Title VII, the United States Constitution, the North Carolina Constitution, or any other applicable law, and such actions were wholly unrelated to Plaintiff's alleged exercise of any rights under any such laws or regulations.

## FOURTEENTH DEFENSE

As to any and all claims Plaintiff asserts that are recoverable under any workers' compensation laws, her sole remedy lies under those laws and her claims are preempted or barred by those laws.

## FIFTEENTH DEFENSE

Plaintiff cannot establish any causation between any alleged protected activity and any subsequent adverse employment action.

WHEREFORE, Defendant prays that the Plaintiff have and recover nothing of it; that the Complaint be dismissed in its entirety with prejudice; and that Defendant be awarded its costs and expenses, including reasonable attorneys' fees and any other form of relief that the Court deems just and proper.

This the 27th day of April 2026.

**POYNER SPRUILL LLP**

By:   /s/ David L. Woodard
David L. Woodard
N.C. State Bar 19343
dwoodard@poynerspruill.com
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601-01801
Telephone: (919) 783-6400
Facsimile: (919) 783-1075

**ATTORNEY FOR DEFENDANT
CITY OF WILMINGTON**

29

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that the foregoing document was electronically

filed with the clerk of the court using the CM/ECF system, which sends notifications of such

filing to the following counsel of record.

> James T. Moore
> Gary Keith Shipman
> SHIPMAN & WRIGHT, LLP
> 575 Military Cutoff Road, Suite 106
> Wilmington, NC 28405
> Email: jmoore@shipmanlaw.com
> Email: gshipman@shipmanlaw.com
>
> *Attorneys for Plaintiff*

This the 27th day of April 2026.

> /s/ David L. Woodard
> David L. Woodard