KIMBERLY CARSON,

Plaintiff,

v.

CITY OF WILMINGTON,

Defendant

**REPORT OF THE PARTIES'
PLANNING MEETING**
Fed. R. Civ. P. 26(f)

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26.1, and the Court's Initial Order Regarding Planning and Scheduling (ECF No. 12), a telephone conference was held on June 18, 2026, between Gary K. Shipman and James T. Moore of the firm Shipman Wright & Moore, LLP, representing the Plaintiff, and David L. Woodard of Poyner Spruill LLP representing the Defendant. The Parties include this joint report of their planning meeting as follows:

**A.      Nature and Complexity of the Case:**

Plaintiff initiated this case on February 26, 2026, asserting claims for race discrimination, disparate impact, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, violation of the Equal Protection clause under 42 U.S.C. §1983, violation of North Carolina Constitution, and wrongful discharge against Defendant, arising from Plaintiff's employment with Defendant.

The Parties agree that the Court possesses subject matter jurisdiction over this matter by virtue of the existence of a federal question, and that the Court may exercise supplemental jurisdiction over Plaintiff's state law claim.

Defendant denies that it engaged in any discriminatory, harassing, or retaliatory act or otherwise engaged in any wrongful or illegal act whatsoever and specifically relating to Plaintiff's employment. The Parties agree that the key factual and legal issues relate to whether any such wrongful act was taken.

In this case, Plaintiff seeks damages, including lost wages and benefits, front pay and future losses, emotional distress, and reputational harm, in an amount in excess of $75,000. Defendant denies that Plaintiff is entitled to recover damages or other legal or equitable relief.

The Parties agree that this is a simple case that can be resolved on a routine track which permits disposition within 12-14 months.

**B.      The Parties' Plan for Proposed Discovery:**

1.      <u>Subjects on which discovery will be needed</u>: The Parties will need to complete discovery related to the allegations and claims asserted by Plaintiff, on the defenses asserted by Defendant, on Plaintiff's alleged damages, and any expert opinions disclosed by the Parties.

2.      <u>Scope of discovery</u>: The Parties do not expect or request discovery be conducted in phases or focused on particular issues.

3.      <u>Categories of discovery to be utilized by the Parties and proposed limitations</u>: The Parties intend to use the following categories and methods of discovery as specified below:

   i.      <u>Interrogatories, Requests for Admissions and Requests for Production</u>: The Parties intend to serve interrogatories, requests for admissions, and requests for production subject to the limitations imposed by the Federal Rules of Civil Procedure and applicable local rules.

   ii.      <u>Fact Depositions</u>: The Parties agree that the maximum number of lay witness discovery depositions by Plaintiff is twenty (20) and the maximum number of lay witness discovery depositions by Defendant is twenty (20).

   The Parties agree that the length of depositions, fact or expert, is seven (7) on record hours, unless otherwise agreed to by the Parties or ordered by the Court. Witnesses, including 30(b)(6) witnesses, having knowledge of factual information relevant to issues to be tried shall only be subjected to being deposed once, absent agreement of counsel or Court order.

   iii.      <u>Expert Depositions</u>: The Parties agree that any expert who may testify at trial shall be made available for deposition.

   iv.      <u>Subpoenas</u>: The Parties will provide notice of the issuance of a document subpoena to a non-party and a copy of the subpoena, as required by Fed. R. Civ. P. 45(a)(4) at least five (5) calendar days before the date on which the subpoena is served on the non-party.

The Parties reserve the right to utilize any other category or method of discovery allowable under the Federal Rules of Civil Procedure or the Local Rules of this Court.

4. <u>Any issues relating to disclosure or discovery of electronically stored information</u>: The Parties do not anticipate any issues relating to disclosure or discovery of electronically stored information.

5. <u>Any issues relating to claims of privilege or protection as trial-preparation material</u>: The Parties wish to obtain, by consent, a Court order memorializing the Parties' agreement regarding inadvertent disclosures pursuant to Fed. R. Evid. 502(d) and privilege log protocols. The Parties wish to exempt documents created after the commencement of litigation from the requirement of a privilege log. Otherwise, the Parties shall produce privilege logs with detail sufficient to allow the opposing Party to understand, and if necessary, challenge the claim of privilege or other protection.

6. <u>Rule 30(b)(6) deposition(s)</u>: The Parties have not yet entered into any agreements with respect to 30(b)(6) deponents

7. <u>Discovery completion deadline</u>: All discovery shall be completed by Friday, March 19, 2027.

8. <u>Any anticipated discovery issues</u>: At this time, the Parties do not anticipate any issues conducting discovery.

**C.  Proposed Deadlines:**

1. <u>Initial disclosure deadline</u>: The Parties have mutually agreed to extend the initial disclosure deadline to Monday, July 20, 2026.

2. <u>Expert witness disclosure deadline</u>: The Parties will designate non-rebuttal expert witnesses and serve all expert reports by Monday, November 30, 2026. The Parties will disclose rebuttal expert witnesses and expert reports by Wednesday, December 30, 2026.

3. <u>Deadline for joining additional Parties</u>: The Parties agree that any request to join additional Parties pursuant to Federal Rules of Civil Procedure 19 or 20 shall be made by Tuesday, August 18, 2026.

4. <u>Deadline for amending pleadings</u>: The Parties agree that any Party may amend its pleading pursuant to Federal Rule of Civil Procedure 15 by Friday, September 18, 2026.

5. Deadline for motions practice (preliminary and dispositive): The Parties agree that any dispositive motion, including summary judgment and supporting briefs, and Daubert motions, must be filed by Friday, April 23, 2027.

**D. Possibility of Settlement and The Parties' Anticipated ADR Method and Deadline:** The Parties plan to engage in mediation and will work together to identify a mutually agreeable mediator. The Parties agree to conduct mediation no later than Friday March 19, 2027.

**E. The Parties' Position Regarding a Magistrate Judge:** No. If that position changes, the Parties will report any such agreement to the Court promptly upon such agreement.

**F. Requested Rule 16(b) Fed. R. Civ. P., Pretrial Conference:** The Parties do not request a conference with the Court before entering of the Scheduling Order.

**G. Any Issues Regarding Consolidation or Assignment:** There are no related cases raising potential issues of consolidation or assignment.

**H. Scheduling Issues Affecting Counsel or The Parties:** Counsel for the Defendant will be engaged in a trial in the United States District Court for the Middle District of North Carolina beginning the week of August 24, 2026. Defense counsel will be out of the county between September 2 and September 22, 2026.

Respectfully submitted, this the 2nd day of July 2026.

| | |
|---|---|
| **SHIPMAN WRIGHT & MOORE LLP** | **POYNER SPRUILL LLP** |
| /s/ Gary K. Shipman | /s/ David L. Woodard |
| Gary K. Shipman | David L. Woodard |
| N.C. State Bar No.: 9464 | N.C. State Bar No. 19343 |
| gshipman@shipmanlaw.com | dwoodard@poynerspruill.com |
| James T. Moore | 301 Fayetteville St., Suite 1900 |
| N.C. State Bar No.: 57308 | Raleigh, NC 27602-01801 |
| jmoore@shipmanlaw.com | Telephone: (919) 783-6400 |
| 575 Military Cutoff Road, Suite 106 | Facsimile: (919) 783-1075 |
| Wilmington, NC 28405 | |
| Telephone: (910) 762-1990 | **ATTORNEY FOR DEFENDANT** |
| Facsimile: (910) 762-6752 | |

**ATTORNEYS FOR PLAINTIFF**

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 2, 2026, I electronically filed the foregoing *Report of the*

*Parties' Planning Meeting* with the Clerk of Court using the CM/ECF system which will send

notification of such filing to the following:

> Gary K. Shipman
> James T. Moore
> SHIPMAN WRIGHT & MOORE LLP
> 575 Military Cutoff Road, Suite 106
> Wilmington, NC 28405
> gshipman@shipmanlaw.com
> jmoore@shipmanlaw.com
>
> *Attorneys for Plaintiff*

This the 2nd day of July 2026.

/s/ David L. Woodard
David L. Woodard
